IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND CHARLES DOMINGUEZ,

    Petitioner,                       No. CIV-S-06-0301 GEB KJM P

    vs.

DEPT. OF CORRECTIONS, et al.,        ORDER AND

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. In 1984, petitioner was committed to the California Department of Mental Health (DMH) after he was found not guilty by reason of insanity of committing certain sex offenses. In 1996, the Superior Court of Orange County ordered that petitioner be transferred from DMH to the California Department of Corrections and Rehabilitation (CDCR) based upon findings made pursuant to California Welfare and Institutions Code § 7301. Petitioner challenges his placement in CDCR. Respondents have filed a motion to dismiss. Petitioner filed an opposition to the motion along with a request for permission to file the opposition late. That request will be granted. Oral argument was held with respect to respondents' motion on July 23, 2008.

/////

1  Respondents argue correctly that any challenge to petitioner's original
2  commitment is time-barred.  There is a one year limitations period applicable to actions filed
3  under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  This action was not filed until 2006 and there
4  is not a sufficient basis to toll the limitations period with respect to any claims arising out of
5  petitioner's original commitment.  Petitioner requests an evidentiary in order to demonstrate that
6  he is entitled to some tolling of the limitations period.  This request will be denied, however, as
7  petitioner fails to even argue that there is any basis to toll the limitations period during 2002 and
8  2003 and no such reason is apparent to the court.

In his amended petition, petitioner asserts that CDCR has repeatedly requested that DMH take petitioner back but DMH refuses.  It appears petitioner may be able to articulate a claim upon which the court can grant relief that is not time-barred, based upon the most recent refusal.  As it stands, however, petitioner's amended petition does not provide enough information about the most recent refusal to support the court's consideration of whether petitioner's constitutional rights have been violated.

In light of the foregoing, the court will recommend that respondents' motion to dismiss be granted and that petitioner be granted leave to file a second amended petition that focuses on the most recent refusal of DMH to take petitioner back.  A second amended petition should articulate why DMH's most recent refusal to take petitioner back results in a violation of petitioner's constitutional rights and present facts sufficient to support his argument.  Petitioner is reminded that any claims he raises before this court must have been raised before and denied by the California Supreme Court.  28 U.S.C. § 2254(b)(1); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).  If petitioner desires to raise claims he has not raised before the California Supreme Court in his second amended petition, petitioner may seek a stay of these proceedings so that he may return to the California Supreme Court.[1]

---

[1] The court notes that in his amended petition, petitioner asserts he should be transferred back to DMH because his conditions of confinement in CDCR violate his Eighth Amendment

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for an extension of time to file an opposition to respondents' June 17, 2008 motion to dismiss (#34) is granted, nunc pro tunc to July 10, 2008;

2. Petitioner's opposition to respondents' June 17, 2008 motion to dismiss is deemed timely; and

3. Petitioner's request for an evidentiary hearing (included in #33) is denied.

IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (#32) be granted; and

2. Petitioner's amended petition for a writ of habeas corpus is dismissed without prejudice to petitioner filing a second amended petition consistent with the findings made above, with any amended petition to be filed within thirty days of the filed date of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2008.

_____
U.S. MAGISTRATE JUDGE

1
domi0301.dwp

---

right to be free from cruel and unusual punishment. However, the Eighth Amendment is not applicable to petitioner as he is a civil detainee and not a prisoner. See Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004).