1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND CHARLES DOMINGUEZ,

11            Plaintiff,                    No. CIV S-06-0301 GEB CKD P

12        vs.

13   DEPARTMENT OF MENTAL HEALTH,
     et al.,                                ORDER &
14
              Defendant.                    FINDINGS & RECOMMENDATIONS
15   _____/

16            Plaintiff is a state inmate in the custody of the California Department of

17   Corrections and Rehabilitation (CDCR) and is proceeding with counsel in an action under 42

18   U.S.C. § 1983.[1]  He has filed, through counsel, a fifth amended complaint pursuant to the court's

19   allowance of November 19, 2010.  See Order (Docket No. 68).  The court is required to screen

20   complaints brought by prisoners seeking relief against a governmental entity or officer or

21   employee of a governmental entity.  28 U.S.C. § 1915A(a).

22   _____

23        [1] Plaintiff initially challenged his confinement with CDCR through a complaint alleging
     violations of the Civil Rights Act.  On April 25, 2007, the court sua sponte ordered that this
     action be re-designated as one for writ of habeas corpus under 28 U.S.C. § 2254.  See Docket No.
24   11.  The court also granted the plaintiff-petitioner's request to proceed in forma pauperis and
     appointed him counsel.  Id.  Then, on January 25, 2010, the court found that plaintiff-petitioner
25   could no longer proceed under § 2254 on his claims as pled in the second amended petition and
     gave him leave to file the instant complaint under § 1983.  See Findings and Recommendations
26   at 7-10 (Docket No. 55).

                                              1

1    I.    Background

2        In 1984, the Superior Court of Orange County adjudged plaintiff not guilty of

3    certain sex offenses by reason of insanity and committed him to the custody of the California

4    Department of Mental Health (DMH) for a maximum term of eighty-one years.  In 1996, the

5    Superior Court found that plaintiff "presents a high escape risk and a danger to others" and

6    concurred with DMH's recommendation that he be transferred to the custody of CDCR pursuant

7    to California Welfare and Institutions Code § 7301.  See First Am. Pet., Exhibit G (Docket No.

8    25).[2]  That statute states that an inmate at a state hospital may be transferred to CDCR's custody

9    if he "needs care and treatment under conditions of custodial security which can be better

10   provided within the Department of Corrections...."  The statute also requires "the approval of the

11   Director of Corrections" to effect the transfer of an inmate from DMH to CDCR.  The statute is

12   silent on the process by which an inmate would be transferred back to the custody of DMH.

13       By letter to the Director of DMH, dated November 20, 1997, the Director of

14   CDCR agreed to accept custody of petitioner and another state hospital inmate.  That letter also

15   stated that "[i]f, in the future, CDC custodial and clinical staff determine that care and treatment

16   under the conditions of custodial security provided by CDC are no longer needed, CDC will

17   initiate return of the individuals to a DMH facility."  First Am. Pet., Exhibit M (Docket No. 26).

18   Since then, CDCR has found that petitioner no longer presents an escape risk and has

19   recommended several times that he be returned to DMH.  Id. at Exhibit N.  However, DMH has

20   written to CDCR that it still regards petitioner to be an unacceptable flight risk and has no

21   intention of accepting him back into its custody until 2065, "when his CDC time expires."  Id. at

22   Exhibit O; see also Exhibit N at 28, 31.

23   ////

24   ////

25

26   [2] The Superior Court's order is erroneously docketed as the second "Exhibit F" to the first
amended petition.

II.     Allegations of the fifth amended complaint

Plaintiff primarily complains about due process violations in his transfer to CDCR's custody in 1997 and the lack of any hearing regarding his custody ever since.  He alleges that under the terms of his court-ordered commitment to DMH in 1984, he "was to be provided the right to a sanity hearing each year thereafter."  Fifth Amended Complaint, ¶ 12A. He avers that he was entitled to such a hearing as recently as August 2010, but "both the DMH and CDCR failed to provide him with that hearing."  Id.  He alleges that, in transferring him to CDCR, the director of DMH, Stephen W. Mayberg, "endorsed the alteration of the commitment into a CDCR sentence."  Id. at ¶ 12B.  Plaintiff also complains that he has not received adequate mental health treatment since his transfer to CDCR's custody and has been denied his right to practice his religion as a Native American.  See id. at ¶¶ 12D, 23.

The fifth amended complaint enumerates five causes of action.  First, he demands injunctive relief in the form of an order that he be released from CDCR's custody, "as he is no longer classifiable as insane."  Id. at ¶ 17.  As an alternative to that relief, he asks that CDCR be ordered to return him to the custody of DMH.  Id.  Second, he seeks injunctive relief "wherein the court orders [DMH] to resume custody of his person and afford him all the rights and benefits due an individual in his position, a person found not guilty by reason of insanity, committed to the custody of the DMH."  Id. at ¶ 20.  Third, he claims violations of his rights under the First, Fourth, Fifth, Sixth and Eighth Amendments of the Constitution.  Fourth, he claims he has been deprived his right to substantive due process under the Fourteenth Amendment.  Fifth, he alleges intentional and negligent infliction of emotional distress, a claim that can only obtain under state tort law.

III.     Screening analysis

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

A.     Plaintiff's claims for injunctive relief

Plaintiff's first claim for injunctive relief, demanding release from CDCR's custody, cannot be granted under § 1983.  As the court stated in its order of January 25, 2010, an order of outright release without a transfer to the custody of DMH is a form of habeas relief, not a form of relief available under § 1983.  See Order at 7-10.  The court cited the Seventh Circuit's

4

opinion in <u>Glaus v. Anderson</u>, 408 F.3d 382 (7th Cir. 2005), which reaffirmed "a clear

distinction" that turns on the nature of the relief sought in a habeas petition:

> If the prisoner is seeking what can be fairly described as a quantum
> change in the level of custody – whether outright freedom, or
> freedom subject to the limited reporting and financial constraints of
> bond or parole or probation [– ] then habeas corpus is his remedy.
> But if he is seeking a different program or location or environment,
> then he is challenging the conditions rather than the fact of his
> confinement and his remedy is under civil rights law, even if, as
> will usually be the case, the program or location or environment
> that he is challenging is more restrictive than the alternative he
> seeks.

<u>Glaus</u>, 408 F.3d at 386-87 (citation omitted).  An unconditional release from CDCR's custody

would unquestionably effect "a quantum change in the level of custody" that is only available as

a form of habeas relief.  However, by the same standard, his cause of action for an injunction

ordering CDCR to return him to the custody of DMH <u>and</u> ordering DMH to accept him seeks "a

different program or location or environment" that is properly the basis of a § 1983 claim.

Therefore, plaintiff has a single cognizable claim seeking the transfer of his custody from CDCR

to DMH.

  B. <u>Plaintiff's claims under § 1983</u>

    Plaintiff has sufficiently alleged, for the screening purposes of § 1915A, a claim

under the First Amendment for violation of his right to practice his religion as a Native

American.  He has also sufficiently alleged Eighth Amendment claims against DMH and CDCR

for deliberate indifference to his mental health needs and unconstitutional conditions of

confinement.  <u>See</u> Fifth Am. Compl. at ¶¶ 26-29.

    Plaintiff's allegations that he has never received due process on (1) his transfer to

CDCR, (2) his assignment to a segregated housing unit or other adverse classifications in prison,

(3) his sanity and (4) his proposed return to the custody of DMH are independent bases for

claims of violation of due process.  However, those claims arise under the Fourteenth

Amendment; plaintiff has no claim under the Fifth Amendment on any allegation in the fifth

1   amended complaint.  His transfer to CDCR also does not implicate the prohibition against

2   unreasonable seizures under the Fourth Amendment, nor is the court aware of any authority on

3   which the alleged facts would constitute a claim for violation of his Sixth Amendment right to a

4   fair trial.  Finally, the fifth amended complaint alleges no facts on which plaintiff could base a

5   claim for denial of equal protection or violation of substantive due process in violation of the

6   Fourteenth Amendment.

7           C.      Plaintiff's state law claims

8           Plaintiff also asserts claims for intentional or negligent infliction of emotional

9   distress, claims which are cognizable only under California law.  "As a condition precedent to

10  suit against a public entity [or official], the California Tort Claims Act (CTCA) requires the

11  timely presentation of a written claim and the rejection of the claim in whole or in part."  Mabe v.

12  San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001)

13  (citations omitted).  Because compliance with the CTCA is deemed to be a substantive element

14  of a plaintiff's claim, compliance must be stated or shown in a complaint in order for a plaintiff

15  to proceed on the claim.  See Cal. Gov't Code § 910; Mangold v. Cal. Pub. Utils. Comm'n, 67

16  F.3d. 1470, 1477 (9th Cir. 1995); Brouwer v. City of Manteca, 2008 WL 2825099 at *3 (E.D.

17  Cal.).  Here, the complaint is silent as to whether plaintiff has first complied with CTCA.

18  Therefore, plaintiff cannot proceed on any state law claims against any defendant.

19          D.      The defendants

20          The fifth amended complaint names two individual defendants: Matthew Cate in

21  his official capacity as Director of CDCR, and Stephen W. Mayberg in his official capacity as

22  Director of DMH.  The complaint also names as defendants the state governmental entities

23  CDCR and DMH.  CDCR has been and remains a party to this lawsuit since it was served with

24  the first amended habeas petition when this case was proceeding under § 2254.  When a

25  complaint names a government official as a defendant only in his official capacity and names the

26  government agency or entity in which he acts as a public official, courts ordinarily dismiss the

1  individual defendant because "the real party in interest in an official-capacity suit is the
2  governmental entity and not the named official[.]"  Hafer v. Melo, 502 U.S. 21, 25 (1991).  It is
3  redundant to retain or implead the named official.  See Rendon v. Fresno Police Dept., 2005 WL
4  1925859 at *4 (E.D. Cal.).

5        Because CDCR is already a defendant in this case, there is no reason to serve Cate
6  as Director of CDCR.  However, neither DMH nor Mayberg, its Director, has been served in this
7  case.  As stated in the screening analysis, DMH is an appropriate defendant to plaintiff's claims.
8  Therefore the court will allow plaintiff's counsel to effect service on DMH through its agent of
9  service or other official who can effectively receive service under Fed. R. Civ. P. 4(j)(2).  CDCR
10 will be ordered to respond to the fifth amended complaint in accordance with Fed. R. Civ. P.
11 12(a).  For purposes of CDCR's response under Rule 12, service of the fifth amended complaint
12 shall be effective on the date of entry of this order.

13        IV.    Conclusion; parties' obligation to file a status report

14        Plaintiff's complaint states cognizable claims for relief pursuant to 42 U.S.C.
15 § 1983 and 28 U.S.C. § 1915A(b) against defendants CDCR and DMH.  If the allegations of the
16 complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of his claims
17 against both defendants for: (1) injunctive relief ordering his transfer back to the custody of
18 DMH; (2) violation of his First Amendment right to exercise his religion; (3) deliberate
19 indifference to his mental health needs, in violation of the Eighth Amendment; (4)
20 unconstitutional conditions of confinement, in violation of the Eighth Amendment; and (5)
21 deprivations of due process in violation of the Fourteenth Amendment, based on the four grounds
22 listed in section III.B of this order.  The Clerk of the Court will be directed to issue the
23 appropriate number of summonses to plaintiff for purposes of service of process.  See Federal
24 Rule of Civil Procedure 4.

25 ////
26 ////

1   Plaintiff shall complete service of process in accordance with Federal Rule of

2   Civil Procedure 4 within sixty days from the date of this order.  Plaintiff shall serve a copy of this

3   order on the Department of Mental Health together with a summons and a copy of the fifth

4   amended complaint in accordance with Fed. R. Civ. P. 4(j)(2).

5   Within 120 days from the date of this order, plaintiff and defendants shall each

6   submit to the court and serve by mail on all other parties the following status report:

7   1.  Whether this matter is ready for trial and, if not, why not;

8   2.  Whether additional discovery is deemed necessary.  If further discovery is

9   deemed necessary, the party desiring it shall state the nature and scope of the discovery and

10  provide an estimate of the time needed in which to complete it;

11  3.  Whether a pretrial motion is contemplated.  If any such motion is

12  contemplated, the party intending to file it shall describe the type of motion and shall state the

13  time needed to file the motion and to complete the time schedule set forth in Local Rule 230(l);

14  4.  A narrative statement of the facts that will be offered by oral or documentary

15  evidence at trial;

16  5.  A list of all exhibits to be offered into evidence at the trial of the case;

17  6.  A list of the names and addresses of all witnesses the party intends to call;

18  7.  A summary of the anticipated testimony of any witnesses who are presently

19  incarcerated;

20  8.  The time estimated for trial;

21  9.  Whether either party still requests trial by jury; and

22  10.  Any other matter, not covered above, which the party desires to call to the

23  attention of the court.

24  In addition, plaintiff shall inform the court in his status report of the date and

25  manner of service of process.

26  ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff one summons, for defendant Department of Mental Health.

2. Plaintiff shall complete service of process on the Department of Mental Health within sixty days from the date of this order and in accordance with Fed. R. Civ. P. 4(j)(2). Plaintiff shall serve a copy of this order on the defendant at the time the summons and fifth amended complaint are served.

3. Defendants shall respond to the fifth amended complaint within the time provided by Fed. R. Civ. P. 12(a).

4. Plaintiff's status report shall be filed within ninety days from the date of this order. Defendants' status report shall be filed within thirty days thereafter. The parties are advised that failure to file a status report in accordance with this order may result in the imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

5. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

IT IS RECOMMENDED that all defendants other the California Department of Mental Health and the California Department of Corrections and Rehabilitation be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\

\\\\

1    advised that failure to file objections within the specified time may waive the right to appeal the

2    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3      Dated: December 12, 2011

4                                                    _____

5                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE

6

7

8    3

9    domi0301.ord

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26