IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND CHARLES DOMINGUEZ

      Plaintiff,                    No. 2:06-cv-0301 GEB CKD P

    vs.

DEPARTMENT OF CORRECTIONS, et al.

      Defendant.                <u>ORDER</u>

_____/

        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation (CDCR). He initiated this action pro se by filing a complaint alleging violations of his civil rights and seeking relief under 42 U.S.C. § 1983. The court construed his claims as appropriate for a habeas action, appointed him counsel and allowed him to file a first amended petition for writ of habeas corpus. <u>See</u> Order (Docket No. 11). On April 14, 2008, the court ordered the first amended petition served on the named respondents, which included CDCR. <u>See</u> Order (Docket No. 29). Four days later, an attorney with the Office of the Attorney General entered a notice of appearance on behalf of CDCR. <u>See</u> Notice of Appearance (Docket No. 31). CDCR would eventually file motions to dismiss the first, second and third amended petitions. <u>See</u> Docket Nos. 32, 41, and 49. On March 31, 2010, the court concluded that plaintiff was no longer seeking habeas relief and allowed him to file a fourth, and then a fifth, amended civil

rights complaint.  At no point was CDCR dismissed from the case.  It was served with the fifth amended complaint, which is the operative pleading now.  See Fifth Amended Complaint (Docket No. 69).

On December 12, 2011, the court screened the fifth amended complaint.  The screening order contains a section entitled "The defendants" that stated:

> The fifth amended complaint names two individual defendants: Matthew Cate in his official capacity as Director of CDCR, and Stephen W. Mayberg in his official capacity as Director of [the Department of Mental Health (DMH)].  The complaint also names as defendants the state governmental entities CDCR and DMH.  <u>CDCR has been and remains a party to this lawsuit since it was served with the first amended habeas petition and this case was proceeding under § 2254.</u>  When a complaint names a government official as a defendant only in his official capacity and names the government agency or entity in which he acts as a public official, courts ordinarily dismiss the individual defendant because "the real party in interest in an official-capacity suit is the governmental entity and not the named official[.]"  Hafer v. Melo, 502 U.S. 21, 25 (1991).  It is redundant to retain or implead the named official.  See Rendon v. Fresno Police Dept., 2005 WL 1925859 at *4 (E.D.Cal.).
>
> <u>Because CDCR is already a defendant in this case, there is no reason to serve Cate as Director of CDCR. ... CDCR will be ordered to respond to the fifth amended complaint in accordance with Fed.R.Civ.P. 12(a).  For purposes of CDCR's response under Rule 12, service of the fifth amended complaint shall be effective on the date of entry of this order</u>.

Order and Findings and Recommendations at 6-7 (Docket No. 73) (emphases added).  CDCR never responded to the fifth amended complaint.  On May 3, 2012, the court ordered CDCR to show cause why its failure to respond should not result in the entry of default against it.  See Order and Findings and Recommendations at 14 (Docket No. 90).

Instead of straightforwardly responding on CDCR's behalf, an attorney from the Office of the Attorney General has submitted a response in special appearance from defendant Cate – who, again, has been dismissed from this action – in which Cate maintains that he did not have to respond to the fifth amended complaint because he was never served with it and that "[n]either CDCR nor Cate... were parties in the habeas matter." Response at 2 (Docket No. 92).

Cate takes this position on the ground that "[t]he right respondent in a § 2254 action is the warden of the prison..." Id.

First, the court's December 12 order made it clear why Cate was never served: he was never served because CDCR was already in the case and he was named as a defendant only in his official capacity. His objection now, despite having been dismissed from the case, that he was never served is of no moment to anything.

Next, Cate is correct that failure to name the petitioner's custodian as a respondent in a habeas case can deprive a federal court of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). However, CDCR never took that position in any of the three motions to dismiss it filed when this was a § 2254 case. "[W]e understand Stanley to use the term 'personal jurisdiction' in reference to the technical custodian requirement of § 2242 and the Rules Governing Section 2254 Cases. A court need not raise this technical issue sua sponte, and a party may waive that issue." Smith v. Idaho, 392 F.3d 350, 355 n. 3 (9th Cir. 2004) (citations omitted). "Because the custodian is the state's agent – and the state is therefore the custodian's principal – the state may waive the lack of personal jurisdiction on the custodian's behalf." Id. at 356. See also Mujahid v. Daniels, 413 F.3d 991, 993 n. 2 (9th Cir. 2005) (citing Rumsfeld v. Padilla, 542 U.S. 426, 452 (2004)); Schnabel v. Lui, 302 F.3d 1023, 1033-34 (9th Cir. 2002); Lomako v. Horel, 2010 WL 715852 at *2 (E.D. Cal.) (stating "the immediate physical custodian rule is subject to waiver"); Fed. R. Civ. P. 12(h)(1).

CDCR waived its newfound personal jurisdiction objection a long time ago, if not in its jurisdictionally-quiet first motion to dismiss, then most likely in its second one and certainly in the third. The objection is, as the Ninth Circuit suggested in Smith, hyper-technical and, in light of CDCR's history in this case, disingenuous: there is no believable connection between the plaintiff-petitioner's failure to name a warden as a respondent in his habeas petitions and CDCR's failure to respond to the fifth amended civil rights complaint. The identity of the right respondent does not speak to the question of default or any other live issue in this case.

      Indeed, CDCR saves its only believable explanation for a footnote, describing some kind of internal mix-up. Cate says that once the court dismissed the second amended habeas petition with leave to file a civil rights complaint,

> the section of the Attorney General's Office that handles habeas matters closed the habeas case, waiting for service of the civil rights action. While filings in the case were cursorily reviewed, the Attorney General's Office was not aware the Court had ordered Cate to respond in December 2011, or a response to the December 12, 2011 order would have been filed.

Response at 2 n.2. Thus, CDCR's attorneys knew it was still in the case and were "waiting" for the next pleading to be served. The court's December 12 order explicitly informed them that service had already occured: "For purposes of CDCR's response under Rule 12, service of the fifth amended complaint shall be effective on the date of entry of this order." Order at 7. The footnote's explanation that there was an administrative oversight (and, it appears, some unfortunate "cursory" reviewing) not only rings true, it mitigates the implausibility of the personal jurisdiction argument. The court rejects the idea that despite its three motions to dismiss CDCR has never really been a party to this action.[1]

      Nonetheless, the court accepts CDCR's explanation and excuse regarding the internal transfer of responsibility in responding. While the Attorney General's oversight in not reviewing the order more closely could have had serious consequences in other procedural circumstances, here there is no reason not to observe the strong disfavor courts hold against default. Plaintiff has not been prejudiced by the delay. Therefore, the show cause order will be discharged.

\\\\\

---

[1] Cate concludes the main text of the response by asking "that the case proceed in compliance with the Federal Rules of Civil Procedure, so that the timelines for filing a responsive pleading are clear." Response at 2-3. Cate fails to include any rule or case law that says a habeas respondent must be re-served with process after the case is converted from a habeas action to a civil rights one. Furthermore, the intimation that the court is to blame for the Attorney General's confessed mix-up is neither well taken nor well received.

4

Accordingly, IT IS HEREBY ORDERED that the show cause order (Docket No. 90) is discharged. CDCR has seven days from the entry of this order in which to respond to the fifth amended complaint.

Dated: May 31, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
domi0301.ord